Donald R. Becker, Esq. Town Attorney, Newburgh
You have asked whether a town by local law may modify the powers of a town comptroller as specified in the Town Law and whether the positions of comptroller and director of purchasing may be combined.
Towns of the first class and certain towns of the second class are authorized to establish the office of town comptroller, which is an appointive town office (Town Law, § 20[3][b]). The powers and duties of a town comptroller have been established by provisions of the Town Law (§§ 34, 119, 124). In a town that has established the office of town comptroller, this officer is responsible for auditing all claims presented to the town for payment (id., § 119[2]). The Comptroller is required to file claims in his office, prepare an abstract of audited claims specifying the name of the claim, the name of the claimant, the amount allowed and the appropriate account chargeable, and to authorize and direct the town supervisor to pay the amount allowed (ibid.). A local law has been proposed to give the town board the responsibility for auditing of claims.
Towns are authorized to adopt local laws that are consistent with the Constitution and general laws in relation to their property, affairs and government and the powers, duties, qualifications, number and other terms and conditions of employment of their officers and employees (Municipal Home Rule Law, § 10[1][i], [ii][a][1]). A general law is defined as a State statute which in terms and in effect applies alike to all counties other than those wholly included in a city, all cities, all towns or all villages (id., § 2[5]). The provisions of the Town Law specifying the powers and duties of a town comptroller are not general laws within this definition, since they do not apply to all towns. This is because under the Town Law not all towns are required to establish the office of comptroller and, in fact, not all towns have a comptroller. Therefore, it is our opinion that a town is authorized by local law to amend the provisions of the Town Law establishing the powers of a comptroller by transferring the auditing function to the town board. We note that under the Town Law, in a town which has no comptroller, the town board is responsible for the auditing function (§ 119[1]).
Your second question is whether, if your town so modifies the duties of the comptroller, it may combine into one office the duties of the comptroller and those of the director of purchasing. The director of purchasing is responsible for making all purchases and all contracts for supplies, materials and equipment on behalf of the town (id., § 41-a). The Town Law specifically prohibits combining of the duties of the town comptroller with those of the director of purchasing (id., § 20[3][e]). You have suggested that the transfer of the auditing functions to the town board would eliminate the basis for this prohibition. Certainly, the statutory prohibition is to prohibit the combining of incompatible offices. It is obvious that the person responsible for purchases should not also have responsibility for auditing those purchases. The Town Law has been designed to keep these functions separate. However, in our opinion, even if the auditing functions are transferred to the town board, it is improper to combine the two offices. A review of the other powers of a town comptroller will indicate the basis for our view.
When authorized by the town board, the comptroller must countersign all checks signed by the supervisor (id., § 34[1]). The comptroller may be given the responsibility of keeping appropriation accounts and preventing these funds from being overdrawn and the responsibility for drawing upon these funds with the countersignature of the supervisor (id., § 34[2]). He is responsible for furnishing to the supervisor such information and data as is required for the supervisor to exercise his powers and duties as the chief financial officer of the town. The comptroller may be designated as the accounting officer of the town (id., § 124).
In light of these powers, which provide the comptroller with an important and significant role in assuring that town funds are properly kept and lawfully expended, we believe that it is improper to combine this office with the office of director of purchasing. One person should not on the one hand purchase supplies and equipment and on the other have broad powers with respect to control of finances.
We conclude that the offices of comptroller and director of purchasing of a town may not be combined.